IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-24-193-RAW |
| | ) |
| ROOSEVELT BOBBY JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the court is the objection of the government (#38) to the Findings and Recommendation (#36) of the United States Magistrate Judge. The defendant has responded to the objection (#39). The Magistrate Judge recommended that the defendant's motion to suppress be granted.

Under Rule 59(b)(1) F.R.Cr.P., the district court may refer suppression motions to a Magistrate Judge for a recommended disposition. In considering an objection, the district court must conduct de novo review and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Rule 59(b)(3). The undersigned has reviewed the record. *See Gee v. Estes,* 829 F.2d 1005, 1008-09 (10th Cir.1987); *Griego v. Padilla,* 64 F.3d 580, 584 (10th Cir.1995).[1]

The factual background is set forth in the Findings and Recommendation, and the

---

[1] The record does not reflect a filed transcript, which Rule 59(b)(2) requires to be arranged for by the objecting party. The undersigned listened to the recording of the hearing conducted by the Magistrate Judge.

parties' briefing.  The government argues in the alternative: (1) the interaction was a consensual encounter; (2) even if the interaction constituted an investigative detention, such was supported by reasonable suspicion.  "The Supreme Court has identified three types of police/citizen encounters: consensual encounters, investigative stops, and arrests." *United States v. Woods,* 209 F.3d 1179, 1186 (10th Cir.2000).  "Consensual encounters are not seizures within the meaning of the Fourth Amendment, and need not be supported by suspicion of criminal wrongdoing.  An officer is free to approach people and ask questions without violating the Fourth Amendment.  However, the person approached under these circumstances is free to refuse to answer questions and to end the encounter." *Id.*

In contrast, "[a]n investigative detention, which is also referred to as a Terry stop, is a seizure within the meaning of the Fourth Amendment, but unlike an arrest, it need not be supported by probable cause." *Id.*  Instead, "[a]n officer may constitutionally 'stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause.'" *United States v. Briggs,* 720 F.3d 1281, 1284-85 (10th Cir.2013)(quoting *United States v. Neff,* 681 F.3d 1134, 1137-38 (10th Cir.2012)).

The government asserts that "[t]he encounter in the park was consensual in nature and, therefore, any evidence seized, or statements made by the defendant did not violate the Fourth Amendment."  (#38 at 8).  The parties are in agreement that proper resolution of this issue turns on application of the non-exhaustive list of factors set forth in *United States v. Jones,*

701 F.3d 1300, 1313 (10th Cir.2012) to determine if a seizure took place. *See also United States v. Woody,* 45 F.3d 1166, 1174 (10th Cir.2022).

The defendant has gone through each factor (in a manner supported by the record) [#39 at 4-6] and primarily demonstrates that most of the factors are not implicated under the facts of this case. Despite this, the court agrees with defendant that the presence of numerous marked police vehicles (some with their emergency lights on) and uniformed officers (albeit without weapons drawn) arguably "created a scenario where a reasonable person might feel compelled to comply, particularly given the officers' focus on Mr. Johnson." (#39 at 4).

The government objects to the Magistrate Judge relying on Officer Soto's testimony that defendant was not free to leave the park. (#36 at 6-7). The government argues that this subjective intent was not conveyed to the defendant. Actually, the failure to advise to the contrary cuts against the government's position, to some extent. "Although there is no *per se* rule requiring officers to advise suspects of their right to refuse to answer questions or that they are free to leave, 'the omission of such advisements is . . . relevant, while not dispositive.'" *United States v. Chafin,* 2024 WL 2955720, *3 (N.D.Okla.2024)(quoting *United States v. Little,* 60 F.3d 708, 713 (10th Cir.1995))(ellipsis in original).

The court must determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter. *Woody,* 45 F.3d at 1173. The court is persuaded that such was the situation. Early in the encounter, defendant asked Officer Soto "what law have I broken?"

3

and she replied "we're trying to figure out what's going on." This reply carries the implication that defendant was not free to leave until the officer "found out" the answer to her inquiry. "The line between a consensual conversation and a seizure is crossed when police convey to an individual that he or she is suspected of a crime." *United States v. Gaines,* 918 F.3d 793, 798 n.8 (10th Cir.2019)(quoting *United States v. Smith,* 794 F.3d 681, 686 (7th Cir.2015)).[2]

"The critical inquiry is whether the police conduct would have communicated to a reasonable person that []he was not at liberty to ignore the police presence and go about [his] business." *Jones,* 701 F.3d at 1313. Although relatively few of the *Jones/Woody* factors are present here, the list is non-exhaustive and the undersigned agrees with the Magistrate Judge that this police/citizen encounter constituted an investigative detention.

As previously stated, the government also contends that even if the initial interaction were an investigative detention, it was supported by reasonable suspicion.[3] The police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *United States v. Young,* 99 F.4th 1136, 1143 (10th Cir.2023)(citation omitted). Reasonable suspicion requires more than an inchoate and unparticularized suspicion or hunch but considerably less than

---

[2]Officer Soto testified she "never accused [defendant] of a crime." In the court's view, however, she did "convey" to the defendant that he was "suspected" of a crime based on the phone call.

[3]The government bears the burden of proof as to the reasonableness of an officer's suspicion, but reasonable suspicion is not meant to be an onerous standard. *Chafin,* at *5 (quoting *United States v. Kitchell,* 653 F.3d 1206, 1219 (10th Cir.2011)).

proof of wrongdoing by a preponderance of the evidence. *Id.* (citation omitted). In assessing whether reasonable suspicion exists, courts must look at the totality of the circumstances. *Id.* (citation omitted). Reasonable suspicion may exist even if it is more likely than not that the individual is not involved in any illegality. *Id.* (citation omitted). As long as an officer has a particularized and objective basis for suspecting an individual may be involved in criminal activity, he may initiate an investigatory detention. *Id.* (citation omitted). When assessing the actions of a police officer under the Fourth Amendment, what matters are objective facts, not the officer's state of mind. *Id.* (citation omitted).

      The court recognizes that the facts of this case present a challenge for law enforcement. As the Magistrate Judge found, carrying a firearm (even in hand) is not illegal in Oklahoma. *See* 21 O.S. §1272(A)(6). Obviously, however, it could be a matter of seconds before such lawful conduct could transform into criminal conduct – although the same could be said of a person carrying a holstered gun. The defendant cites *United States v. Daniels,* 101 F.4th 770 (10th Cir.2024), which held that guns being taking in and out of pockets in the parking lot of an apartment complex "may be odd, but it is not obviously illegal." *Id.* at 778. The Tenth Circuit upheld the district court's grant of a suppression motion. Ultimately, this court agrees with defendant that "the mere fact that a non-emergency caller stated someone was engaged in the apparently legal act of carrying a firearm cannot provide grounds for a reasonable suspicion of illegal conduct." (#39 at 10).

It is the order of the court that the objection of the government (#38) to the Findings and Recommendation is overruled. The detention of the defendant violated his Fourth Amendment rights and thus the evidence derived therefrom should be suppressed. Accordingly, the Findings and Recommendation (#36) is approved and adopted as the order of the court, as supplemented by the discussion herein. The motion of the defendant to suppress (#22) is hereby granted.

**ORDERED THIS 21st DAY OF FEBRUARY, 2025.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**